FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2004 MAY 28  AM 10: 08

CLERK OF COURT

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| JACK CLAUDE FRENCH, Individually and as Representative of all other Wrongful Death Claimants for the death of Barbara Summers French,<br>     Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY AND TEXAS MOTORS FORD CO., INC.,<br>     Defendants. | 4-04CV-409-Y<br><br>CAUSE NO. _____<br><br>JURY DEMAND |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT:

Pursuant to Title 28 U.S.C. § 1441(a) and (e) and 28 U.S.C. § 1332, defendant, Ford Motor Company ("Ford"), hereby gives notice of removal of an action filed against it in the 415th Judicial District Court, Parker County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division. In support of this removal, Ford would show this Court as follows:

### Preliminary Matters

1.    On April 23, 2004, an action was commenced against Ford Motor Company and Texas Motor Ford Co., Inc. in the 415th Judicial District Court, Parker County, Texas, entitled *Jack Claude French, Individually and as Representative of all other Wrongful Death Claimants for the death of Barbara Summers French v. Ford Motor Company and Texas Motors Ford Co., Inc.*

2.       On April 30, 2004, a copy of the Plaintiffs' Original Petition naming Ford Motor Company as a defendant was served on Ford's registered agent for service of process. Ford Motor Company has duly answered Plaintiff's Original Petition.

3.       No copy of Plaintiffs' Original Petition was received by Ford or its counsel prior to the date Ford was served; hence, this Notice of Removal is timely filed, in that it is filed within thirty (30) days after the receipt by Ford of a copy of the initial pleadings setting forth a claim for relief upon which this action is based. 28 U.S.C. § 1446(b).

### Nature of the Case

4.       This case arose out of a one vehicle accident that allegedly occurred on May 28, 2002. Plaintiff asserts that the accident was caused by various defects in the design and manufacturing of the subject vehicle--a 2000 Ford F-250 pickup.

5.       Plaintiff alleges that the subject vehicle was designed, manufactured and sold by Defendant Ford Motor Company.

### Grounds for Removal

6.       The present action is one over which this court has original jurisdiction under the provisions of Title 28, United States Code, Sections 1332 and 1441(a), in that it is a civil action between completely diverse parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.       Plaintiff is a Texas citizen. *See* Plaintiff's Original Petition, ¶ II. Defendant, Ford Motor Company, is a Delaware corporation with its principal place of business in Dearborn, Michigan, and was a Delaware corporation with its principal place of business in Dearborn, Michigan at the time the accident occurred.

8.      The only other defendant named in this action, Texas Motors Ford Company, Inc., is a dealership with its principal place of business in Fort Worth, Tarrant County, Texas. Nevertheless, Plaintiff's inclusion of Texas Motors Ford Company, Inc. in this case cannot defeat diversity jurisdiction because Texas Motors Ford Company, Inc. was fraudulently joined.[1]

9.      It is a familiar proposition in the Fifth Circuit, as elsewhere, that fraudulently joined defendants must be ignored in assessing whether the complete diversity requirement of federal diversity jurisdiction is met. *See, e.g., Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (citizenship of fraudulently joined defendants should not be considered in determining propriety of removal); *Arzehgar v. Dixon*, 150 F.R.D. 92, 94 (S.D. Tex. 1993). The term fraudulent joinder is actually a misnomer, because the jurisdictional doctrine does not generally require proof of fraud. *See, e.g., Burden*, 60 F.3d at 217. Rather, to establish that joinder is fraudulent, a defendant must show that Plaintiff cannot establish the alleged cause of action against the non-diverse defendant. *Id.* at 216.

10.     Plaintiff's claim(s) against Texas Motors Ford Company, Inc. are based on the allegations that Texas Motors Ford Company, Inc. "sold" the subject vehicle:

> It is the dealership which first sold the subject vehicle, placing it in the stream of commerce.

Plaintiff's Original Petition at ¶ II.5.   Effective July 1, 2003, the Texas Legislature has eliminated liability of so-called innocent product retailers or wholesalers. *See* Tex. Civ. Prac. & Rem. Code § 82.003.

11.     No cause of action exists against Texas Motors Ford Company, Inc. Because Plaintiff joined Texas Motors Ford Company, Inc. for the clear and sole purpose of defeating

---

[1]Because this removal involves a fraudulently joined defendant, Texas Motors Ford Company, Inc., consent to the removal is not required. *Balazik et al v. County of Dauphin, et al*, 44 F.3d 209, 213 at fn. 4 (3rd Cir. 1995); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994).

diversity jurisdiction, there is complete diversity in this case under 28 U.S.C. § 1332(a). *See Grassi v. CIBA-GEIGY, Ltd,* 894 F.2d 181, 185 (5th Cir. 1990) (the need for diversity jurisdiction "may well be greatest when the plaintiff tries hardest to defeat it").

12. Plaintiff's Original Petition (the operative pleading as of the date of removal) also meets the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. 1332(b). Although the petition does not assert a claim for a specific amount of damages, it does allege that the subject accident resulted in the death of an individual—Barbara French--and seeks damages under the Texas wrongful death and survival statutes, medical and funeral expenses, mental anguish, as well as damages for loss of companionship, society and consortium. In addition, the petition also alleges gross negligence and seeks an award of exemplary damages. Thus, the amount in controversy in this action clearly exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. 1332(a).

13. On filing of this Notice of Removal, Ford will provide written notice to Plaintiff of this action and will file a copy of the Notice of Removal with the Clerk of the Court for the 415th Judicial District, Parker County, Texas.

14. The 415th Judicial District Court of Parker County, Texas is located in the Northern District of Texas, Fort Worth Division. Further, the attachments accompanying this Notice of Removal constitute all executed process, pleadings and orders contained in the 415th Judicial District Court of Parker County, Texas. No docket sheet is maintained in that district.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701-4043
(512) 472-5456
(512) 479-1169 (fax)


BY: *Michael W. Eady*
Chris A. Blackerby
State Bar No. 00787091
Michael W. Eady
State Bar No. 06332400

**ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by in compliance with the Federal Rules of Civil Procedure on this 27th day of May, 2004.

*Via Certified Mail*

B. Thomas McElroy
JOHNSON & McELROY
5500 Preston Road, Suite 370
Dallas, TX 75205

Robert Lynn Fielder
FISK & FIELDER
2710 Stemmons Fwy., North Tower
Dallas, TX 75207

*Michael W. Eady*
Michael W. Eady