FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

2004 MAY 28  AM 10: 08

CLERK OF COURT

| | |
|---|---|
| JACK CLAUDE FRENCH, Individually and as Representative of all other Wrongful Death Claimants for the death of Barbara Summers French,<br><br>     Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY AND TEXAS MOTORS FORD CO., INC.,<br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**4 - 0 4 C V - 4 0 9 - Y**

CAUSE NO. _____

JURY DEMAND

## INDEX OF PLEADINGS FILED WITH NOTICE OF REMOVAL

1. Plaintiff's Original Petition

2. Defendant Ford Motor Company's Special Exceptions, Plea Against Capacity, Original Answer to Plaintiff's Original Petition, and Reliance Upon Jury Demand

3. Defendant Texas Motors Ford Co., Inc.'s Original Answer

4. List of Counsel of Record

**NOTE:  PARKER COUNTY, TEXAS DOES NOT OPERATE WITH A DOCKET SHEET, BUT ONLY A SUMMARY SHEET COMPLETED BY THE JUDGE AT THE TIME OF A COURT APPEARANCE; THEREFORE, COUNSEL CANNOT OBTAIN A DOCKET SHEET AT THIS TIME, BUT CERTIFIES THAT THE DOCUMENTS LISTED ABOVE ARE INCORPORATED INTO THE COURT RECORD OF THE DISTRICT CLERK OF PARKER COUNTY.**

COPY

1

NO. _____

| | |
|---|---|
| JACK CLAUDE FRENCH, Indiv. and as Rep., | IN THE DISTRICT COURT |
|     Plaintiff | |
| | |
| v. | OF PARKER COUNTY, TEXAS |
| | |
| FORD MOTOR COMPANY and | |
| TEXAS MOTORS FORD CO., INC., | |
|     Defendants. | 415 JUDICIAL DISTRICT |

RECEIVED AND FILED

APR 2 3 2004

PARKER COUNTY, TEXAS
_____ Deputy

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff JACK CLAUDE FRENCH, Plaintiff, suing Individually and as Next Friend for other Wrongful Death Claimants, for the wrongful death of his wife, complaining of FORD MOTOR COMPANY and TEXAS MOTORS FORD CO., INC., Defendants, and, demanding a jury trial, would show the Court and jury the following:

## JURISDICTION, VENUE, DISCOVERY CONTROL PLAN

I.

1.      (a) Jurisdiction lies in this Court under Sec. 17.042, Tex. Prac. & Rem. Code, because the amount in controversy exceeds the minimal jurisdictional requirements of this Court and Defendants committed a tort in whole or in part in Texas.

(b) Discovery is to be conducted under Level 2 of Rule 90, Tex. R .Civ. P.

2.      Venue lies in this court under Sec. 15.002, Tex. Prac. & Rem. Code, because the accident giving rise to Plaintiff's claims herein occurred in Parker County, Texas.

**Plaintiff's Original Petition and Jury Demand –Pg.**

## PARTIES

II.

3.      Plaintiff Jack Claude French is a citizen of Weatherford, Parker County, Texas. He is the surviving husband of his wife Barbara Summers French, killed in the accident that is the subject of this suit. He sues under the Wrongful Death Act of Texas, Sec. 71.004 of the Texas Civil Practice & Remedies Code. Suit is also brought under the Survival Statute, Sec. 71.021 of the Texas Civil Practice and Remedies Code. His wife Barbara left a will upon her death, and the will was duly probated with Plaintiff, her husband, named as Independent Executor therein. Plaintiff brings this suit for himself and for his three sons born of Barbara French, deceased. They are Russell Wayne French, born in October, 1960, a resident of Cleburne, Texas; Jamie Kevin French, born in December, 1962, a resident of Arlington, Texas, and Jerry Randall French, born in April, 1968, a resident of Burleson, Texas. Plaintiff and his sons are all heirs at law under applicable Texas law, as modified by Barbara's will. Plaintiff brings this suit individually and as Next Friend for his sons, all as wrongful death and survivor beneficiaries under Texas statute.

4.      Defendant Ford Motor Company (sometimes referred to as "Ford") is a Delaware corporation and may be served with petition and citation by serving its registered agent in Texas, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. This Defendant designed, manufactured and marketed the vehicle involved in this suit.

5.    Defendant Texas Motors Ford Company, Inc. (sometimes referred to as "Texas Motors") is an automobile dealership located at NW Loop 820 Fort Worth, Texas (817-935-7000), where service may be had on its owner or manager. It is the dealership which first sold the subject vehicle, placing it in the stream of commerce. Within any reference to the Defendant Texas Motors is included its owner, general manager and any salesman or other dealer representative influencing the purchase and use of the 2000 model year Ford F-250 pickup vehicle without knowledge of the dangerous defects of the vehicle hereinafter alleged.

## FACTUAL BACKGROUND

### III.

6.    At approximately 9:50 p.m. in the evening of May 28, 2002, Plaintiff Jack French was driving his 2000 model year Ford F-250 pickup vehicle  well within the speed limit of 60 miles per hour, traveling southbound on FM 920 about 3.2 miles north of Peaster in Parker County, Texas. His wife Barbara Summers French was riding in the right front seat alongside him as a passenger. Both were wearing their seat belts. The Ford F-250 vehicle showed a lack of stability, went out of control and rolled over on a flat surface, coming to a rest on its top. Plaintiff's wife Barbara was not ejected during the rollover sequence bur her neck was broken in three places as the roof crushed down upon her. The pickup was totally uncrashworthy. Barbara French died from the fatal injuries she incurred in the rollover. Her death certificate recites cervical fractures.

## CAUSES OF ACTION

## COUNT ONE: STRICT LIABILITY

### IV.

7.    Defendant Ford Motor Corporation was the manufacturer of the product it sold as a 2000-year F-250 pickup. Such vehicle was unreasonably dangerous and defective in its design, manufacture, and marketing. The defective nature of the product was a proximate and producing cause of the fatal injuries sustained by Barbara French, Plaintiff's wife in that the vehicle failed to maintain stability but rolled over and further failed to provide occupant protection from serious injury to such belted passenger, rendering Defendant Ford Motor Company strictly liable to Plaintiff and the Wrongful Death claimants herein. The specific product is the said 2000 Ford F-250 pickup, VIN# 1FTNY20F0YEA34777. License was 02 Tex. 3KGV60.

8.    The 2000 Ford F-250 which is the subject of this suit was defective in the following respects:

    (a)    The vehicle was defectively designed from a handling and stability standpoint, thus creating an unreasonably dangerous propensity to rollover under normal and foreseeable operating conditions;

    (b)    The vehicle's suspension system, braking system, steering system, roofing system, windows, seat belts and restraint system were improperly designed, manufactured and assembled, causing it not only to be unreasonably dangerous from a rollover standpoint but also from a crashworthiness standpoint so that the vehicle did not offer adequate protection to its occupants when faced with foreseeable ordinary and emergency maneuvers;

    (c)    The vehicle was defective as marketed in that the advertising and marketing campaigns and programs undertaken by Defendants misled customers and occupants as to the handling, maneuverability, stability and safety features of the Ford F-250 and failed to warn customers and occupants of the dangerous defects of the vehicle, as herein described;

<u>**Plaintiff's Original Petition and Jury Demand**</u> –P**4**.

(d)     The vehicle was top-heavy and generally defective in its design, marketing, warnings and instructions for use because it failed to provide adequate dynamic stability and ease of handling when being operated as advertised and marketed, and was furnished without adequate warnings regarding stability and use;

(e)     The vehicle was uncrashworthy in its design and failed to provide roof strength and restraint system protection from injury for occupants of the vehicle. The roof collapsed during the rollover sequence and the seat belt restraint system and its components failed to provide the occupant with adequate protection to which she was entitled, but instead allowed her to be killed;

9.     The unreasonably dangerous nature of the defects as here set forth created a high probability that the F-250 pickup vehicle would be involved in rollover accidents without sufficient protection for its driver and passengers causing the loss of human life or severe, permanent and disabling injuries. Defendants knew of this risk prior to production and marketing of the 2000-year F-250 but in conscious disregard of the consequences willfully and wantonly manufactured and sold the F-250 which caused the fatal injuries to Plaintiff's wife Barbara.

## COUNT TWO: NEGLIGENCE

### V.

10.     The fatal injuries to Barbara French were proximately caused by the negligence of Defendant Ford in designing, manufacturing, and marketing the F-250 vehicle and in failing to provide adequate warnings of hazards and instructions for safe use of such Ford pickup vehicle. Defendant Ford and Defendant Texas Motors proximately caused the fatal injuries to Barbara French by negligently failing to call the

attention of purchasers, drivers and occupants to the known dangers of driving a 2000 model Ford F-250 pickup vehicle in that each Defendant knew that the F-250 pickup has a rollover propensity far greater than that of ordinary passenger cars, has stability and handling problems, and in addition has crashworthiness problems. The Ford F-250 is not truly an on-road, off-road vehicle, as both defendants well know, but instead they know that defects in the design of the pickup require that the greatest care must be given to returning such vehicle to the roadway once it may inadvertently get slightly off-road.

11.    The negligence of Defendant Ford Motor Company proximately causing the fatal injuries to Plaintiffs' wife Barbara included, but was not limited to, these further acts or omissions:

(a)    Improper design of the F-250 from a handling and stability standpoint;

(b)    Improper design and manufacture of the F-250's steering, braking, suspension, windows, windshield, roof, pillars and restraint systems;

(c)    Improper design and manufacture of the vehicle so as to create an unreasonably dangerous propensity to rollover under foreseeable circumstances;

(d)    Failure of Defendant Ford and of the dealer Texas Motors to provide reasonable and adequate warnings to users of the vehicle as to the vehicle's high center of gravity, narrow track, short wheelbase, and its propensity to rollover when used as a passenger vehicle;

(e)    Marketing the Ford F-250 by Defendant Ford and by the Defendant dealer Texas Motors in such a way as to mislead customers as to the safety, stability and maneuverability of the vehicle;

(f)    Improper and inadequate seat belt and restraint system of the F-250;

(g)   Failure to provide a vehicle with adequate crashworthiness under foreseeable circumstances of vehicle rollover, including a strong roof which would not collapse;

(h)   Failure of Defendant Ford and the dealer Texas Ford to give instructions for safe use of the Ford F-250 vehicle, particularly on the highway as to curves and exits and returns to a roadway once off the main-traveled portion;

(i)   Both the manufacturer (Defendant Ford) and the seller (Defendant Texas Ford) knew of the defects to the product enumerated herein at the time the F-250 was sold to Plaintiff, and Plaintiff's wife's harm and death resulted from one or more of such defects.

## COUNT THREE: MARKETING

### VI.

12.   Defendants made representations, and omissions, of material facts concerning the character and quality of the line of product sold by them as the Ford F-250 of such a nature as to render Defendants strictly liable for the fatal injuries to Plaintiff's wife Barbara French.

Acting by and through its agents, Defendants Ford and Texas Ford engaged in or endorsed a course of advertising, marketing and promotion of the F-250 pickup, and its rugged, go-anywhere nature, relied on by consumers and occupants, in the use of the vehicle, which activities of Defendants, taken as a whole, falsely represented that:

(a)   The F-250 was suitable for use as a passenger vehicle on the streets and highways of America when, in fact, it was dangerously defective with respect to driver control and stability;

(b)   The F-250 was crashworthy and therefore was a safe and stable vehicle affording its occupants adequate protection in the event of a rollover accident.

<u>**Plaintiff's Original Petition and Jury Demand**</u> –Pg.

13. Defendant Ford Motor Company knew the actual characteristics of the F-250 prior to its design, manufacture and sale, yet produced and marketed it anyway, and Defendant Texas Ford, the dealer, knew the defects set forth herein before selling the F-250, thus rendering both Defendants liable under common law and the doctrine of strict liability set forth in the Restatement (2d), Torts, Section 402 (b).

## COUNT FOUR: FRAUD

### VII.

14. At all times relevant to this Petition Defendants intentionally and negligently concealed from customers and users vital information concerning rollovers of sports utility vehicles, pickup trucks and vans. Specifically, Defendants knew that its Ford F-250 pickup vehicle was much less stable and more likely to rollover than ordinary passenger cars, and particularly when making curves or exits or returns on highways. Defendants further knew that the F-250 was unreasonably dangerous in that it had inadequate crashworthiness systems. Defendants' conscious concealment of such known facts proximately caused the fatal injuries sustained by Barbara French in that she would not have been riding in the Ford F-250 but for Defendants' conduct. Such concealment constituted fraud, malice and gross neglect. By "fraud" is meant intentional deception to cause a person to take a course of action, like buying, driving or riding in an unreasonably dangerous vehicle, which he or she would not otherwise take. Both defendants withheld from the French family information about the dangerous defects of the F-250 which Plaintiff and his deceased wife were entitled to know.

## DAMAGES

### VIII.

15. Upon trial of this case it will be shown that Plaintiff's wife Barbara sustained fatal injuries caused by Defendants' conduct under each of the sections on Causes of Action herein. As a direct result of the rollover accident and lack of crashworthiness of Defendants' vehicle, Plaintiff's wife Barbara received blows and injuries to her head and body causing her death. At the time of the accident Plaintiff's wife Barbara was only 60 years of age, with a life expectancy of 25 years. Plaintiff, for himself and for his sons, seeks damages from Defendants in a sum exceeding the minimal jurisdictional limits of this Court, such amount for compensable losses to be determined at trial by the Court and Jury, and to include monetary damages for a) pecuniary loss, meaning loss of the care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value that Jack French and each of his sons, in reasonable probability, would have received from Barbara French had she lived; b) loss of companionship and society, meaning the loss of the positive benefits flowing from the love, comfort, companionship, and society that Jack French and each of his sons, in reasonable probability, would have received from Barbara French had she lived; c) mental anguish, meaning the emotional pain, torment and suffering experienced and to be experienced by Jack French and his sons because of the death of Barbara French.; d) survival statute damages including 1) pain and mental anguish experienced by Barbara French from time of her injuries to time of her death; 2) medical expenses, if any; and 3) funeral and burial expenses.. Damages,

with interest thereon, are sought for each element from time of the accident to time of trial and from time of trial into the future. Further, damages are sought in the maximum amount of $8,500,000, or such lesser sum as the jury may determine.

## EXEMPLARY DAMAGES

### IX.

16.     In view of the gross negligence, defined by recent Texas statute, fraud and malice of Defendants, as their conduct, set out in the causes of action heretofore expressed, was undertaken willfully, wantonly and with conscious disregard for the consequences, Plaintiff requests exemplary damages in an amount sufficient to punish Ford Motor Company consistent with its net worth, and the other factors to be set forth in the court's charge, an amount that a jury, in its discretion, may award under the applicable law of this state governing such awards.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jack French, for himself and for each of his three sons, prays that Defendants be cited to appear and answer herein, and that upon final trial they recover of Defendants for the loss of Barbara French both actual and exemplary damages as set forth above, plus costs of court, pre-judgment and post-judgment interest, attorneys' fees and expenses, and such other and further relief to which Plaintiff and his sons may show themselves justly entitled.

Respectfully submitted,

B. THOMAS McELROY

**Plaintiff's Original Petition and Jury Demand –8(0)**

SBN 13585000
JOHNSON & McELROY
5500 Preston Road, Suite 370
Dallas, Texas 75205
(214) 521-6300
(214) 521-6352 (fax)

ATTORNEYS FOR PLAINTIFF

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™

7002 2030 0002 2118 0392

**B. THOMAS MCELROY**
ATTORNEY AT LAW
5500 PRESTON RD.    SUITE 365
DALLAS, TEXAS 75205-2660
214/521-6300

TO

FORD MOTOR COMPANY BY AGENT
C. T. CORPORATION SYSTEMS
350 ST. PAUL STREET
DALLAS, TX 75201



CAUSE NO. **CV04-0830**

| | |
|---|---|
| JACK CLAUDE FRENCH, Individually and as ) <br> Representative of all other Wrongful Death ) <br> Claimants for the death of Barbara Summers ) <br> French, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FORD MOTOR COMPANY AND ) <br> TEXAS MOTORS FORD CO., INC., ) <br> ) <br> Defendants. ) <br> ) | **IN THE DISTRICT COURT OF** <br><br><br><br><br> **PARKER COUNTY, TEXAS** <br><br><br><br><br> **415TH JUDICIAL DISTRICT** |

## FORD MOTOR COMPANY'S SPECIAL EXCEPTIONS, PLEA AGAINST CAPACITY, ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, AND RELIANCE UPON JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ford Motor Company ("Ford"), one of the defendants in the above-styled and numbered cause, and files this Plea Against Capacity, Special Exceptions, Original Answer to Plaintiff's Original Petition, and Reliance Upon Jury Demand, and would show the Court as follows:

**A.     Plea Against Capacity.**

Plaintiff's Original Petition purports to set forth survival claims against Ford in paragraph VIII of Plaintiff's Original Petition. Pursuant to Rule 93, Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Code, Ford denies the Plaintiff's capacity to maintain an action under the Texas Survival Act. Such legal incapacity is apparent from the face of Plaintiff's Original Petition. Ford respectfully prays that all claims asserted by plaintiff that rightfully belong to the Estate of Barbara French dismissed unless and until Plaintiff is able to confirm compliance with Texas law.

**B.**     **Special Exceptions.**

1.     <u>Pleading Standard</u>.   Ford cannot prepare a defense to a lawsuit unless it is reasonably appraised of the specific facts upon which the suit is based.  Consequently Plaintiff's petition is deficient and fails to give Ford fair and adequate notice of the facts asserted against Ford as required by Tex. R. Civ. P. 47, and the Court should order Plaintiff to re-plead his petition to reasonably allege the factual basis for his claims.  *See Roark v.* Allen, 633 S.W.2d 804, 810 (Tex. 1982) (A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim).

2.     <u>Defective Notice of Defect Claimed</u>.  A plaintiff advancing a cause of action for product liability (whether pled as negligence, strict liability or breach of warranty) must demonstrate at a minimum that: (1) there was a defect in the product at the time it left the manufacturer's control; and (2) the defect was the producing cause of the plaintiff's injuries or damages.  *Hyundai Motor Co. v.* Rodriguez, 995 S.W.2d 661, 665 (Tex. 1999).  All of Plaintiff's negligence, strict liability and "marketing" allegations focus exclusively on the existence o f an unspecified defect in unspecified components of the vehicle.

Texas law recognizes three categories of defect – defect in manufacture, defect in design, and marketing defects (failure to warn).  *Temple Eastex v. Old Orchard Creek Partners, Ltd.,*  848 S.W.2d 724, 732 (Tex. App.—Dallas 1992, writ denied).   There are insufficient facts pled in Plaintiff's petition regarding the manner, if any, the  vehicle was defective in its design, manufacture or marketing.

(i).     <u>No Pleadings to Support a Design Defect.</u>  A design defect exists when there is a defect in the design process of the product such that every unit produced according to that design is unreasonably dangerous. *Temple Eastex,* 848 S.W.2d at 732.  A design defect renders a

product unreasonably dangerous taking into consideration the utility of the product and the risk involved in its use. *General Motors Corporation v.* Sanchez, 997 S.W.2d 584, 588 (Tex. 1999).

The *sine qua* non of a design defect claim is the claim that there was an alternative design that was safer than the one adopted. *Id.*; Tex. Civ. Prac. & Rem. Code § 82.005 (a)(1). A "safer alternative design" means a product design other than the one actually used that in reasonable probability (i) would have prevented or significantly reduced the risk of the claimant's damages without substantially imparing the product's utility; and (ii) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge. Tex. Civ. Prac. & Rem. Code §82.005(b).

At the very least, to plead a design defect claim under Texas law, a plaintiff must identify the allegedly defective  component, the nature of the danger posed by that component, the safer alternative design for the component and how the omission of the design was the cause of the plaintiff's injury. Plaintiff in this case has pled no facts to support his allegation of the existence of a safer alternative design. Therefore, Ford specially excepts to paragraphs IV, V, and VI of Plaintiff's petition.

(ii).    <u>Defective Notice of Claimed Manufacturing Defect</u>. There are also no facts pled to support a claim based on manufacturing defect. Under Texas law, a manufacturing defect exists when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997); *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 377-78 (Tex. 1984). Thus, a manufacturing defect is a deviation from the planned output. *Id.*

There are no pleadings to support a claim that a component of the subject vehicle deviated from the design in any manner and no explanation as to how a manufacturing defect, if any, is causally related to the Plaintiff's claimed damages. Therefore, Ford specially excepts to paragraphs IV, V, and VI of Plaintiff's petition because he failed to plead any facts to support a manufacturing defect claim.

     (iii). <u>Defective Notice of Alleged Marketing Defect</u>.  Finally, there are no facts pled to support a claim of marketing defect.  A marketing defect exists when a manufacturer fails to adequately warm of a product's dangers under condition where a warning is necessary.  *Grinnell*, 696 S.W.2d at 426.  A marketing defect cause of action consists of five elements:  (1) a risk of harm that is inherent in product or that may arise from the intended or reasonably anticipated use of the product must exist; (2) the produce supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed, (3) the product must possess a marketing defect; (4) absence of the warning and/pr instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) failure to warn and/or instruct must constitute the cause of the product user's injury.  *James v. Fiesta Mart, Inc.*, 21 S.W.3d 301, 305-6 (Tex. App.— Houston [1st Dist.] 1999, pet denied).

   Plaintiff has not pled any facts that would put Ford on reasonable notice of the nature of Plaintiff's marketing defect claim, if any,  Plaintiff has not identified with reasonably specificity the component he believes is dangerous, the nature of the alleged danger or the manner in which the danger arises from the absence of a warning.  Ford specially excepts to paragraph VI of Plaintiff's petition because he has failed to plead facts to support a claim for marketing defect.

   3. <u>Defective Notice of Claims of Fraud, Gross Neglect and Malice</u>.  Under Texas law, the definitions of "fraud", "gross negligence" or "malice" as a basis for exemplary damages is

governed by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a)(3) and §41.001(7)B). Under Tex. Civ. Prac. & Rem. Code Ann. §41.003(a)(3), exemplary damages may be awarded in a wrongful death case in cases of "gross neglect." "Gross neglect" is defined as: An act or omission: which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others. Tex. Civ. Prac. & Rem. Code Ann. §41.001(7)B). "Malice" is defined the same as "gross negligence" except that a plaintiff may prove "a specific intent by the defendant to cause substantial injury to the claimant" as an alternative to support exemplary damages based on alleged "malice." Tex. Civ. Prac. & Rem. Code Ann. §41.001(7). "Fraud" is defined as other than constructive fraud.

Plaintiff has not alleged any facts that would support a claim for exemplary damages against Ford based on "fraud," "gross neglect" or "malice." He has not alleged a specific act or omission that involved an extreme degree of risk. He not alleged any facts that would support a claim that Ford was actually subjectively aware of any risk relevant to the claims in this lawsuit. He has not alleged any facts to support a claim that Ford had a specific intent to cause substantial injury to Plaintiff. Finally, he has not alleged any facts that would support a claim that Ford proceeded with conscious indifference to the rights, safety or welfare of others. In short, there are no facts pled to support a claim for exemplary damages under Texas law. Plaintiff should either withdraw the claim from his pleadings or plead sufficient facts to support the claim so that Ford may investigate and evaluate Plaintiff's claims and prepare its defense.

4.    <u>No Pleadings to Specify Maximum Damages Claimed.</u>  Plaintiff has failed to state the maximum amount of damages he claims. Ford specially excepts to Plaintiff's Original Petition

on this ground and pursuant to Tex. R. Civ. P. 47, asks that Plaintiff be required to replead and to specify the maximum amount of damages claimed.

     5.    <u>Argument.</u>  The Court should not allow such pleadings – they constitute trial by ambush. Unless Plaintiff's counsel is ordered to specifically allege facts to support his contentions, Plaintiff will have incentive to continue to prosecute the case with vague, ambiguous, global and nonsensical pleadings. The net effect of this type of practice is that it works a severe hardship on Ford in the preparation of its defense and for trial.

     Failure to specify the nature of the claimed defect in a product liability suit also wastes the time and resources of the Court, since reasonably specific defect allegations will assist the parties in defining a reasonable and appropriate discovery scope, preventing unnecessary hearings to determine the nature of the claims and the proper scope of discovery.

     Re-pleading with reasonable specificity will also facilitate the investigation of the claims and may help facilitate settlement negotiations, since Ford will be able to better evaluate the factual merit of the claim once Ford is made aware of the essential facts underlying Plaintiff's claims. It is unjust and unfair to permit Plaintiff to try a significant products liability case in such a manner that the defendant is not aware of the essential factual basis of the claim and is thus precluded from effectively investigation and defending against the claims.

     Ford requests that these Special Exceptions be granted, and that the offending allegations be stricken or that plaintiff be given an appropriate but limited period of time within which to replead. If plaintiff does not timely replead, Ford requests that the allegations in questions be stricken.

**C.**    **General Denial**

     Ford invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and does thereby exercise its legal right to require Plaintiff to prove all of the allegations contained in his pleading, if

Plaintiff can so prove them, which is denied, and, accordingly, Ford denies generally the allegations of Plaintiff's pleading and demands strict proof thereof by a preponderance of the evidence.

## D. **Affirmative Defenses**

1.     For further answer, if such be necessary, Ford alleges that Plaintiff's proof with respect to all "design defect" allegations is governed by statute. TEX. CIV. PRAC. & REM. CODE § 82.005. Plaintiff must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery. Ford requests that the jury be instructed on all statutorily required elements of a "design defect" case.

2.     For further answer, if such be necessary, Ford asserts that the subject vehicle met or exceeded all applicable government standards. As such, Ford is entitled to a presumption that it is not liable under a theory of strict products liability.

3.     For further answer, if such be necessary, Ford asserts that Plaintiff's claims fail to state a claim upon which relief may be granted as a matter of law, including but not limited to the Plaintiff's claims for punitive or exemplary damages to the extent asserted under the Texas Wrongful Death Act.

4.     For further answer, if such be necessary, Ford alleges that the negligence, fault, and/or responsibility of Jack French bars in whole or in part his claim for damages. Plaintiff's Original Petition indicates that Jack French was operating a 2000 Ford F-250 when he lost control of the vehicle and rolled over. Such negligence, fault, and/or responsibility on the part of Jack French was either the sole, or at a minimum a concurring, cause of the accident and his injuries and the damages he claims in the lawsuit.

5.   For further answer, if such be necessary, Ford alleges that Jack French is a "claimant" or, if he should subsequently drop his individual claims, a "responsible third party" as those terms are defined and used in Sections 33.003 and 33.011 of the Texas Civil Practices & Remedies Code with regard to the claims of all other wrongful death beneficiaries. Plaintiff's Original Petition indicates that Jack French was operating a 2000 Ford F-250 when he lost control of the vehicle and rolled over. Ford is entitled to have Jack French's percentage of responsibility for the accident and the represented plaintiff's damages determined by the jury. TEX. CIV. PRAC. & REM. CODE § 33.003.

6.   For further answer, if such be necessary, Ford requests that in accordance with requests that in accordance with TEX. CIV. PRAC. & REM. CODE § 33.003 the jury determine the percentage of responsibility for causing in any way the harm for which recovery of damages is sought of the plaintiff, each settling person and each responsible third party who has been designated under § 33.004, TEX. CIV. PRAC. & REM. CODE.

7.   For further answer, if such be necessary, Ford requests that in the event at the time of submission plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE § 18.091 the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes."

8.   For further answer, if such be necessary, Ford alleges that Plaintiff may not recover any amount of damages if Plaintiff's percentage of responsibility (or that of his decedent) is greater than fifty percent (50%), regardless of the theory of recovery pled. TEX. CIV. PRAC. & REM. CODE § 33.001.

9.     For further answer, if such be necessary, Ford alleges that in accordance with Section 33.013 of the Texas Civil Practices & Remedies Code, Ford may not be held jointly and severally liable for any amount of damages claimed herein <u>unless</u> the percentage of responsibility of Ford, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

10.     For further answer, if such be necessary, with respect to Plaintiff's allegation of punitive or exemplary damages, Ford alleges as follows:

    a.    The applicable choice-of-law standards require that the punitive damage demands against defendant Ford Motor Company be determined under the law of Michigan, as Ford's principal place of business and the purported location of the alleged misconduct that would be punished by any punitive damages award. Under Michigan law, "it is well established that generally only compensatory damages are available and that punitive sanctions may not be imposed. *McAuley v. General Motors Corp.*, 578 N.W.2d 282, 285 (Mich. 1998).

    b.    Ford states that Plaintiff's claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under current Texas law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, sections 13 and 19 of the Texas Constitution, and the common law and public policies of the State of Texas.

    c.    Ford states that Plaintiff's claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under Texas law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the

residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Ford due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Article I, sections 13 and 19, and would be improper under the common law and public policies of the State of Texas.

d.    Ford states any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the product that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 13 and 19 of the Texas State Constitution, and would be improper under the common law and public policies of the State of Texas, because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Texas In addition, any such award would violate principles of comity under the laws of the State of Texas.

e.    To the extent that the law of Texas permits punishment to be measured by the net worth or financial status of Ford and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, Sections 13 and 19 of the Texas State Constitution.

f.    If Texas law is applied, Plaintiff may not be awarded exemplary damages unless they establish by clear and convincing evidence that Ford acted with fraud, malice, or gross neglect, which Ford denies. TEX. CIV. PRAC. & REM. CODE § 41.003.

g.    If Texas law is applied, Ford insists that in the unlikely event any claim for recovery of punitive damages is submitted to the jury, that in accordance with TEX. CIV. PRAC. & REM. CODE § 41.003(d) and (3), the Charge of the Court instruct the jury that any finding of "liability for and amount of exemplary damages" must be unanimous.

h.     In the unlikely event of any exemplary damage award, Ford further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

**E.     Reliance Upon Jury Demand**

Ford hereby relies upon the Plaintiff's jury demand.

WHEREFORE, defendant Ford Motor Company prays that Plaintiff take nothing by this suit, that Ford have judgment for its costs in this proceeding, and that the Court grant Ford such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas  78701-4043
(512) 472-5456
(512) 479-1169 (fax)

BY: _Ronald D. Wamsted_

Chris Blackerby (Attorney-in-Charge)
State Bar No. 00787091
Ronald D. Wamsted
State Bar No. 20832000

**ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Texas Rules of Civil Procedure on this _18th_ day of May 2004.

**Via Certified Mail, Return Receipt Requested**

B. Thomas McElroy
Johnson & McElroy
5500 Preston Road, Suite 370
Dallas, Texas  75205

_____
Ronald D. Wamsted

AUS:2161290.1
13486 95928

CAUSE NO. CV04-0830

| | | |
|---|---|---|
| JACK CLAUDE FRENCH, INDIV. AND AS REP. | § | IN THE DISTRICT COURT |
|      PLAINTIFF, | § | |
| | § | |
| V. | § | OF PARKER COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY AND | § | |
| TEXAS MOTORS FORD CO., INC. | § | |
|      DEFENDANTS. | § | 415TH JUDICIAL DISTRICT |

## DEFENDANT TEXAS MOTORS FORD CO., INC.'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **TEXAS MOTORS FORD CO., INC.**, the Defendant in the above styled and numbered cause (hereinafter referred to as "Defendant"), and makes and files this its Original Answer to Plaintiff's Petition, and in support thereof would respectfully show the Honorable Court the following:

I.

Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Petition and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of his suit, and that Defendant go hence with his costs, and for such other and further relief to which Defendant may show itself justly entitled.

RECEIVED AND FILED
FOR RECORD
AT 10:55 O'CLOCK ___ M

MAY 14 2004

ELVERA M. JOHNSON, District Clerk
PARKER COUNTY, TEXAS
By _____ Deputy

Respectfully submitted,

FISK & FIELDER, P.C.

By: _____

R. LYNN FIELDER
State Bar No. 06971100
2710 Stemmons Freeway
400 Tower North
Dallas, Texas 75207-2217
214/638-3744 - Telephone
214/638-5105 - Facsimile

ATTORNEY FOR DEFENDANT TEXAS MOTORS

CERTIFICATE OF SERVICE

I, **R. LYNN FIELDER,** hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record as indicated below:

B. Thomas McElroy
JOHNSON & MCELROY
5500 Preston Road, Suite 370
Dallas, Texas 75205
*VIA FACSIMILE: (214) 521-6352 and FIRST CLASS MAIL*

on this ___12th___ day of May, 2004.

_____

R. LYNN FIELDER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| JACK CLAUDE FRENCH, Individually and as § <br> Representative of all other Wrongful Death § <br> Claimants for the death of Barbara Summers § <br> French, § <br>     Plaintiff, § <br> § <br> vs. § <br> § <br> FORD MOTOR COMPANY AND § <br> TEXAS MOTORS FORD CO., INC., § <br>     Defendants. § | | CAUSE NO. _____ <br><br> JURY DEMAND |

## LIST OF COUNSEL OF RECORD

1.    Plaintiff's counsel of record:

    B. Thomas McElroy
    JOHNSON & McELROY
    5500 Preston Road, Suite 370
    Dallas, TX 75205
    (214) 521-6300
    (214) 521-6352 (fax)

2.    Counsel of record for Defendant Ford Motor Company:

    Chris A. Blackerby
    BROWN McCARROLL, L.L.P.
    111 Congress Avenue, Suite 1400
    Austin, Texas 78701
    (512) 472-5456
    (512) 479-1101 (fax)

3.    Counsel of record for Defendant Texas Motors Ford Company, Inc.:

    Robert Lynn Fielder
    FISK & FIELDER
    2710 Stemmons Fwy., North Tower
    Dallas, TX 75207
    (214) 638-3744
    (214) 638-5105 (fax)